No. 24,607.

STATE OF KANSAS, *Appellee,* v. WILLIAM MURPHY, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Criminal Syndicalism—Insufficient Information—Motion to Quash.* Error in overruling a motion to quash an information is not waived by the failure of the defendant to file a motion in arrest of judgment in which he must have alleged the same ground upon which the motion to quash was based, namely, that the facts stated in the information did not constitute a public offense. The defendant is entitled to avail himself of the error upon appeal, although no motion in arrest of judgment was made.

Appeal from Trego district court; ISAAC T. PURCELL, judge. Opinion filed February 10, 1923. Reversed.

*Harold O. Mulks,* of Chicago, Ill., for the appellant.

*Richard J. Hopkins, C. B. Griffith,* attorneys-general, *Dennis Madden, W. C. Ralston,* assistant attorneys-general, and *John R. Parsons,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant, with Harry Breen and two others, was charged with the violation of the criminal syndicalism act. A motion was made to quash the information upon the ground that it failed to sufficiently state a public offense. This motion was denied, and from the ruling an appeal has been taken.

The same information was before the court in *The State v. Breen,* 110 Kan. 817, 205 Pac. 632, in which it was held that the information was defective, and the judgment in that case was reversed. Separate trials were had by the defendants, and Murphy was found guilty upon the charge. He raises the question of the sufficiency of the information, and alleges that the ruling sustaining it was error.

The state is not contesting the controlling effect of the decision made in *The State v. Breen,* supra, but is insisting that as no motion was made for a new trial nor in arrest of judgment, the error in overruling the motion to quash is waived. It is said that the defect in the information was amendable at any stage of the trial, and is to be considered as amended in the absence of a motion for a new trial or in arrest of judgment.

The failure to file a motion in arrest of judgment did not operate to cure the defect in the information, nor as a waiver of the error in holding it to be sufficient. The defendant of course might have filed a motion in arrest of judgment, but all that he could have alleged in it would have been that the facts stated in the information did not constitute a public offense. That was the objection raised on the motion to quash, and a motion in arrest of judgment would have been but a repetition of the motion already made. The objection of the defendant raised a question of law which was directly and fully presented to the court, and it was in as good a position to consider and determine the sufficiency of the charge upon the motion to quash as it would have been on the motion in arrest of judgment. The motion in arrest of judgment is a last chance opportunity of the defendant to insist that the charge made against him, even if proven to be true, is not a public offense, and he can raise the question after conviction where no motion to quash had been made. However, the question having been previously raised on the motion to quash, a challenge of the correctness of the ruling on that motion is available to him on appeal without going through the form of repeating the challenge. The judgment of the court is reversed and the cause remanded with directions to discharge the defendant.

Hopkins, J., not sitting.